**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JEREMY YOUNG, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-00766-XR |
| | § | |
| O'REILLY AUTO ENTERPRISES, LLC, | § | |
| *Defendant* | § | |

## <u>ORDER ON MOTION FOR SUMMARY JUDGMENT</u>

On this date, the Court considered Defendant's motion for summary judgment (ECF No.

17) and Plaintiff's response in opposition (ECF No. 18). After careful consideration, Defendant's

motion for summary judgment is **GRANTED**.

## BACKGROUND

Plaintiff Jeremy Young filed this premises liability action to recover for injuries he suffered

on the afternoon of June 23, 2025, when he slipped and fell on an oil spill outside of an O'Reilly

Auto Parts store located at 2400 Fredericksburg Road, San Antonio, Texas. Plaintiff drove to the

Store and parked facing the storefront window, straddling two handicapped spaces to give his

wife,[1] sitting in the passenger seat, "plenty of room to get out of the vehicle." ECF No. 18, Exh. 4,

Plaintiff Dep. at 13:1–14:11, 22:11–19. When he stepped out of the vehicle, he slipped in oil on

the ground and fell, causing injuries. *Id.* at 14:12–19.

The oil spill covered an area approximately half the size of a car. ECF No. 18-1, Torres

Dep. at 22:23–25. It was located between handicapped parking spaces directly in front of the store

and was visible from the front door. *Id.* at 19:11–21.

---

[1] The handicap placard in Plaintiff's vehicle belonged to his wife, who decided to remain in the vehicle with the couple's daughter, who had "started acting up." ECF No. 18, Exh. 4, Plaintiff Dep. at 13:1–25.

Plaintiff reported the fall to the Assistant Manager Fausto Torres, who gave Plaintiff a corporate phone number. *Id.* at 16:3–4; 17:25. Ruben Rodriguez, a Store employee photographed Plaintiff's vehicle at the scene and then poured absorbent on the spill. *Id.* at 18:5–7.

 

The photographs depict a dark, distinct stain on the pavement beneath and adjacent to Plaintiff's driver-side door and extending outward to the area where Plaintiff stepped. *See* ECF No. 17-2.[2]

Plaintiff filed suit in state court in May 2025, asserting a claim for negligence on a theory of premises liability. *See* ECF No. 1-4. Defendant removed this matter to this Court in July 2025 based on diversity jurisdiction. ECF No. 1.

Defendant now moves for summary judgment, asserting that (a) it owed no duty to Plaintiff because the oil spill was open and obvious, (b) there is no evidence of actual or constructive notice and, regardless of any duty, and (c) Plaintiff's conduct proximately caused his own injuries. ECF No. 17.

---

[2] Plaintiff confirmed that these photographs depict his vehicle at the scene of the incident and that his vehicle was not moved prior to the photographs being taken. ECF No. 18, Exh. 4, Plaintiff Dep. at 18:10–15, 21:6–25, 22:1–10.

**DISCUSSION**

**I.      Legal Standard**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en* banc, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II.   Analysis

Texas law governs this diversity action. *See Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). To prevail on a negligence cause of action under Texas law, a plaintiff must establish the existence of a duty, a breach of that duty, and damages proximately caused by that breach. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Plaintiff's negligence claim is based on premises liability—a theory of negligence brought by an individual claiming an injury due to a negligent condition on a premises rather than negligent activity. *See* ECF No. 1-4.

The Supreme Court of Texas has "characterized [a] landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee."[3] *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). Thus,

---

[3] The parties do not dispute that Defendant is the "landowner" of its store and that Plaintiff was an "invitee" when the incident occurred. *See Austin*, 465 S.W.3d at 202 ("An invitee is one who enters the property of another with the

4

Texas requires an invitee such as Plaintiff to prove four elements to prevail on a premises liability claim: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the risk was the proximate cause of injuries to the invitee. *Garcia v. Wal-Mart Stores Tex., L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014)).

### A.  Whether the spill was "open and obvious"

Citing the photographs depicting a "dark, distinct, readily observable stain," Defendant insists that it owed no duty to Plaintiff because the oil spill was open and obvious. ECF No. 17 at 5–6. "[A] landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee" because "the landowner is not in a better position to discover [such hazards]," and "the law presumes that invitees will take reasonable measures to protect themselves." *Austin*, 465 S.W.3d at 203–04.

The photographs, however, depict the oil spill from the front of and rear of the vehicle—not from the driver's seat, where Plaintiff was positioned when he pulled into the parking area and when he stepped out of the car. *See* ECF No. 17-2. While Plaintiff testified that nothing—other than the hood of his vehicle, which "sits low"—obstructed his view of the parking space as he pulled in, ECF No. 18, Exh. 4, Plaintiff Dep. at 12:13–20, he asserts that "[h]e did not have an appreciable view of the oil spill from the driver's seat." ECF No. 19 at 15.

Plainly, an invitee's position in relation to a dangerous condition bears on whether the condition is "open and obvious" *to an invitee. See, e.g.*, *Tex. Dep't of Transp. v. Ramirez*, 566 S.W.3d 18, 25 (Tex. App.—San Antonio, 2018, pet. denied) (concluding that eight-inch drop-off

---

owner's knowledge and for the mutual benefit of both.") (internal quotations and citation omitted).

along shoulder of a road that prevented a car's wheels from reentering the roadway was not "open and obvious" because "a driver would not notice [the dangerous condition] unless he were at the shoulder and had arrived at the location of the drop-off").

That the oil spill was plainly visible from a standing position at the front and rear of the parking space does not mean that it was open and obvious from the driver's seat of Plaintiff's vehicle. Whether Plaintiff had a reasonable opportunity to observe and avoid the hazard given his position in the vehicle and the mechanics of exiting presents a genuine dispute of material fact for the jury to resolve. Drawing all reasonable inferences in Plaintiff's favor, the photographs of the scene and his testimony are sufficient to defeat summary judgment on the ground that the spill was open and obvious.[4]

### B. Whether Defendant had constructive notice of the spill

Defendant argues that it is entitled to summary judgment because Plaintiff cannot establish that it had actual or constructive notice of the oil spill. ECF No. 17 at 6–7.

The threshold requirement in a premises liability claim is the existence of actual or constructive knowledge of an unreasonably dangerous condition on the premises. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996). A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the ground, (2) the defendant actually knew that the substance was on the ground, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (citations omitted).

---

[4] Defendant's argument that Plaintiff proximately caused his own injuries by choosing to park "directly on or beside the visible stain," ECF No. 17 at 8, appears to be premised on the position that the spill was "open and obvious," which, again, is a question for the jury. It follows that the causation question, too, would be a question for the jury.

Because Plaintiff has presented no evidence that Defendant spilled the oil in the parking space or knew it was there, he must establish that the oil had been in the parking lot for a sufficient period of time that Defendant had a reasonable opportunity to discover it. *See id.* Plaintiff has not identified any evidence in the summary judgment record demonstrating when the oil spill formed or how long it had existed prior to Plaintiff's arrival. Instead, Plaintiff points to the "[large] size of the spill" and Mr. Torres's testimony that it was *possible* that store employees had passed by the handicapped spaces earlier in the day because they commonly left the store to help install automotive materials and parts in people's vehicles. ECF No. 18 at 7–14; *see id.*, Exh. 1, Torres Dep. at 18:25–19:1, 19:22–25; 30:18–21.

Plaintiff asserts that this evidence is sufficient to defeat summary judgment, relying on several cases from the Texas Courts of Appeals for the proposition that, even without temporal evidence, constructive knowledge may be imputed when there is proof that defendant's employees were working in sufficient proximity to and with an unobstructed view of the dangerous condition that it should have been removed. *See* ECF No. 18 at 6–7.[5] But the Texas Supreme Court explicitly rejected those cases in *Reece*, explaining:

> [T]emporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. An employee's proximity to a hazard, with no evidence indicating how long the hazard was

---

[5] *See Wal-Mart Stores, Inc. v. Garcia*, 30 S.W.3d 19, 23 (Tex. App.—San Antonio 2000, no pet.) ("[T]he food service personnel were in very close proximity to the site where the jalapeño fell and had an unobstructed view of the area. They should have noted the hazardous condition and taken remedial steps to keep the area safe."); *Duncan v. Black-Eyed Pea, U.S.A., Inc.,* 994 S.W.2d 447, 449–50 (Tex. App.—Beaumont 1999, pet. denied) ("Although Duncan has offered no evidence concerning how long the condition existed, she has raised a material fact question with respect to the issue of constructive notice."); *Furr's Super Market v. Garrett*, 615 S.W.2d 280, 281-82 (Tex. Civ. App.—El Paso 1981, writ ref'd n.r.e.) ("The nearness of the employees to that much water is evidence that, with the exercise of ordinary care, they should have known that the substance was on the floor."); *Albertson's, Inc. v. Mungia*, 602 S.W.2d 359, 362–63 (Tex. Civ. App.—Corpus Christi 1980, no writ) (finding circumstantial evidence sufficient when water from ice machine was in close proximity to cash register where employee was positioned, another employee was handing a bag of ice to a store customer when plaintiff fell, and water accumulation was of sufficient size to cause water to run in a stream toward cash register); *Kimbell, Inc. v. Hernandez*, 572 S.W.2d 784, 786 (Tex. Civ. App.—El Paso 1978, no writ) ("[I]ce was in full view of the checkers at the checkout counter, and that it was in an area where several people were walking around, both customers and employees.").

there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.

*Reece*, 81 S.W.3d at 816 (citation omitted).

Thus, "evidence [that] the premises owner's employee was in close proximity to the dangerous condition immediately before the plaintiff fell, without more, is legally insufficient to charge the premises owner with constructive notice." *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (citing *Reece*, 81 S.W.3d at 813, 816 n.1). "There must also be some evidence showing the dangerous condition existed long enough that the premises owner had a reasonable opportunity to discover it." *Id.* (citing *Reece*, 81 S.W.3d at 813). This "time-notice rule" prevents the imposition of "liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition." *Reece*, 81 S.W.3d at 816 (quoting *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976)).

Here, the summary judgment record creates a fact question as to whether store employees passed by the handicapped parking area at some point before Plaintiff's injuries on the afternoon of June 23, 2025. But without temporal evidence demonstrating when the oil spill formed or how long it had existed before Plaintiff's arrival, the mere possibility that store employees had worked in close proximity to the handicapped spaces does not create a question of material fact as to constructive knowledge about the oil spill. *See Reece*, 81 S.W.3d at 816.[6]

---

[6] *See also Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937 (Tex. 1998) ("The presence of footprints or cart tracks in the macaroni salad equally supports the inference that the tracks were of recent origin as it supports the opposite inference, that the tracks had been there a long time."); *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587, 590 (Tex. Civ. App.—Tyler 1978, no writ) (rejecting the assertion of plaintiff—who had been in the store for only ten to fifteen minutes when he fell—that the substance on which he slipped had been there for thirty to forty minutes, stating that "[h]is opinion as to the length of time that it had been there amounts to nothing more than conjecture and therefore

And, as to the size and color of the spill, it is true that *Reece* reasoned, "[I]f the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might *shorten* the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* (emphasis added). But the Texas Supreme Court later confirmed in *Wal-Mart Stores, Inc. v. Spates* that evidence of timing is still necessary to establish constructive notice. 186 S.W.3d 566 (Tex. 2006) (reinstating trial court's summary judgment for defendant because proximity of an employee to a hazard for 30 to 45 seconds, with no evidence of when or how it came to be on the floor, was insufficient to create a fact question as to constructive notice).

A landowner's duty to invitees "is not absolute," *Austin*, 465 S.W.3d at 203, and it "is not an insurer of [a] visitor's safety," *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 769 (Tex. 2010) (quoting Restatement (Second) of Torts § 344 cmt. f). Instead, a landowner's premises-liability duties, like its negligence duties, are limited to a duty to exercise ordinary, reasonable care. *Austin*, 465 S.W.3d at 203. Without temporal evidence that Defendant knew or should have known about the oil spill, a factfinder could not reasonably infer that Defendant breached its duty of care. "[M]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). Accordingly, Plaintiff has failed to meet his burden on summary judgment, and Defendant is entitled to judgment as a matter of law.

---

does not amount to any evidence at all"); *Robledo v. Kroger Co.*, 597 S.W.2d 560, 560–61 (Tex. Civ. App.—Eastland 1980, writ ref'd n.r.e.) (recognizing that cart tracks through dirty water was no evidence of constructive notice because they could have been made by another customer minutes before the fall); *Kimbell, Inc. v. Blount*, 562 S.W.2d 10, 13 (Tex. Civ. App.—Austin 1978, no writ) (holding that drying footprints and tracks leading away from puddle of liquid was no evidence that the puddle had been there long enough to put the store on constructive notice).

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 17) is

**GRANTED**. A final judgment will follow pursuant to Rule 58.

It is so **ORDERED**.

**SIGNED** this 17th day of April, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

10